### Parks and Burke *against* Wade H. Greening.

**1,** It is not necessary that a *replication* of *non est factum* should be verified by affidavit.
**2,** Demurrer to plea in abatement sustained, and defendant answers over. The judgment on the plea in abatement will not be reviewed in the Appellate Court.

DEBT in the Circuit Court of *Dallas* County by *Parks* and *Burke* against *Greening* on a Bill single. Plea in abatement—that the Writ was executed on the defendant while returning from a battalion muster, to which he had been for the purpose of performing militia duty. The Writ did not require bail; and the Sheriff returned that it was executed by serving the defendant with a copy. Demurrer to the plea in abatement sustained: defendant answering over, plead among other matters, that plaintiffs, after the making of the bill single, had released him from all accounts, notes, bonds, &c. by their deed of release; which, having been lost by accident, defendant could not produce it, &c. Plaintiffs to this plea replied *non est factum*, not verifying their replication by affidavit; to which the defendant demurred. The Circuit Court sustained the Demurrer, and rendered judgment against the plaintiffs for costs. They prosecuted a writ of Error to this Court; the matters assigned as Error appear in the

Opinion of a majority of the Court delivered by Chief Justice *Lipscomb.*

There can be no doubt but that at common law the replication would have been good without being verified by affidavit. Our Statute (Laws Ala. p. 454,) provides, " that " no plea of *non est factum* shall be permitted to be pleaded " without being accompanied with an affidavit of its truth." The previous part of the section authorizes the *defendant* to plead as many several matters as he may judge necessary, &c. If the intention of the Legislature is to be collected from the whole section taken together, they intended to include defendants only, and extend to them the privilege of pleading several pleas; a privilege unknown to the common law. But this privilege is under the restrictions contained in the two provisos in the concluding part of the section. That these provisos relate to the preceding part, and depend on it for their true import and meaning, I can have no doubt. The term, plaintiff, has a technical meaning, and is never used as convertible with the term, defendant. Had the Legislature intended to include both plaintiff and defendant, and provide that neither replication nor plea of non est factum should be pleaded unless accompanied by affidavit, the terms used would have been general; they would not have confined themselves to the limited and definite

term, *defendant.* The word, plaintiff, is not once used in the section ; and it would be a strange construction, indeed, to make it embrace the replications or pleas of plaintiffs. Shall we resort to a refined and perhaps imaginary analogy for the purpose of depriving the plaintiff of a right unquestionably his, unless he be deprived of it by Statute ? Shall we say that the term, defendant, in the Statute also means plaintiff ? We must construe a Statute according to the plain and obvious meaning of the words used : where its terms are plain, it is not for us to give to it a broad and comprehensive, or a limited construction, according to its supposed policy. I will therefore say nothing of the policy of this enactment, or of the wisdom of the Legislature that passed it ; being disposed at this and all other times to administer the law as they have made it. But of this I am sure, that I have met the question uninfluenced by any opinions formed from a different practice, perhaps under a different Statute. So far as I have been able to inform myself, the Statute of the State of *Tennessee* is much broader and more unqualified than ours. The decisions in that State have been under their own Statute.

Our Statute of 1811, (Laws of Ala. p. 462, sec. 3,) can have no influence on this question. This Statute only puts the defendant's defence, when sued on a simple contract, under the same limitations as if he had been sued on a specialty, and relieves the plaintiff from proving the execution of the writing until it has been denied on oath. The terms used in this, as in the first Statute, are confined to the defendant.

On a full view of both Statutes, a majority of the Court is of opinion that the restriction on the plea of non est factum is confined to the defendant in the action.

It was contended for the defendant, that even if the demurrer to the replication of non est factum should have been overruled ; the plea in abatement should have been sustained ; and that the plaintiffs, having committed the first fault in pleading, the judgment should be affirmed.

According to the principles settled in the case of *Mullins* against *Cabiness,* (ante, p. 21,) the defendant, by pleading over after his plea in abatement overruled, acquiesced in the judgment of the Circuit Court on that plea. We therefore will not now go into an examination of the judgment on the demurrer to the plea in abatement.

Judges *Saffold, Ellis,* and *Crenshaw,* concurred. Judge *Minor* dissented on the first point.

Judgment reversed and rendered here for plaintiffs in Error.